513 A.2d 1108

David Singer, a minor, by his parent and natural guardian, Mary Ann Singer and Mary Ann Singer, in her own right, Appellants *v.* School District of Philadelphia and Roger Raspen, Appellees.

Submitted on briefs April 9, 1986, to President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MAC-PHAIL, DOYLE, BARRY and COLINS.

*Arnold Machles,* with him, *Michael S. Bloom, Arnold Machles Associates,* for appellants.

*Andrew M. Rosen,* Assistant Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 11, 1986:

David Singer and his mother, Mary Ann Singer, appeal a Philadelphia County Common Pleas Court order granting judgment on the pleadings for the School District of Philadelphia (District), citing the doctrine of governmental immunity.[1] We reverse and remand.

While performing a gymnastic stunt over a vaulting horse in a District gymnasium at Ferguson School, David Singer fell and broke his elbow when he missed a mat and landed on the hardwood floor.[2]

A motion for judgment on the pleadings may be granted only where no facts are at issue and the law is so clear that a trial would be a fruitless exercise. *Beardell v. Western Wayne School District,* 91 Pa. Commonwealth Ct. 348, 496 A.2d 1373 (1985). All well-pleaded allegations of the party opposing a motion must be taken as true, while only those facts specifically admitted by the opposing party may be considered against him, *Nevling v. Natoli,* 290 Pa. Superior Ct. 174, 434 A.2d 187 (1981).

---

[1] David Singer is a minor. His mother brought a negligence action on his behalf, and in her own right, against the District and Roger Raspen, a physical education teacher at Ferguson School.

The Philadelphia County Common Pleas Court also denied judgment on the pleadings to Raspen. Presently, only the common pleas court order regarding the District's motion for judgment on the pleadings is before us.

[2] The Singers' complaint avers that Raspen gave David an extra push at the end of his gymnastic vault which caused him to miss the mat and land on the hardwood floor.

The Singers contend that the facts averred in the complaint come within the real property exception to governmental immunity,[3] Section 8542(b)(3) of the Judicial Code, because the District was negligent in controlling the landing surface by insufficiently protecting the hardwood floors with mats. We agree.

Pursuant to the real property exception, the conduct alleged in the complaint must be directly related to the condition of the property.[4] *Fizzano v. Borough of Ridley Park*, 94 Pa. Commonwealth Ct. 179, 503 A.2d 57 (1986). This exception has been read to impose liability for negligence which makes government-owned real property unsafe for activities for which it is regularly used, intended to be used or reasonably foreseen to be used. *Vann v. Board of Education, School District of Philadelphia*, 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).

---

[3] 42 Pa. C. S. §8542(b)(3), which provides in pertinent part:

(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages [with exceptions not relevant here]. . . .

[4] Specifically, the complaint averred, *inter alia*, that the District negligently

(a) acted in a reckless manner;

(b) failed to respect the rights, safety and position of the plaintiff in the place aforesaid;

(c) failed to maintain a proper lookout;

(d) failed to warn plaintiff;

(e) failed to adequately supervise gymnasium activities;

(f) *failed to properly choose, construct, manage, maintain and control a landing surface for plaintiff's vault mentioned hereinabove;*

(g) acted in an otherwise negligent manner. (Emphasis added.)

Our review of the complaint reveals that it alleges negligence concerning the care, custody and control of the landing surface around the vaulting horse. A necessary element of a gymnasium's hardwood floor, which is regularly used as a gymnastic stunt area is sufficient matting protection to ensure safe landing by the students. Since proper gym floor matting is an essential safety element of a gymnasium floor being utilized for a vaulting stunt, it is an aspect within the District's care, custody and control of its real property, subject to the real property exception.

Material issues of fact as to the adequacy of the mat protection of the landing surface remain unresolved.[5] Thus, we reverse the common pleas court order granting judgment on the pleadings for the District, and we remand the case to that court for further proceedings.

---

[5] The District relies on *Usher v. Upper St. Clair School District*, 87 Pa. Commonwealth Ct. 461, 487 A.2d 1022 (1985). It argues that this is really a negligent supervision case and that the real property exception does not apply because there was no defect in the property itself. We disagree. *Usher* held that the School District was immune under the Act for the alleged failure to control the area of an in-class chemistry experiment, absent any allegation of a flaw in the real estate within that area. The hardwood floors in question here are real estate of which the mats are an integral part. Also, the Singers alleged a flaw in this matting protection on the gym floor, unlike *Usher.*

The Singers alternatively contend that the County of Philadelphia, of which the District is a department, is not a local agency protected by governmental immunity. It would therefore have us conclude that the District cannot raise the governmental immunity defense. We reject this contention. We have recently held that the School District of Philadelphia is a local agency as defined in Section 8501 of the Judicial Code, 42 Pa. C. S. §8501. *Staranowicz v. School District of Philadelphia*, No. 5. T.D. 1985, filed July 28, 1986, (slip opinion).

## ORDER

The Philadelphia County Common Pleas Court order, No. 3543 dated December 4, 1984, is reversed and the case is remanded for further proceedings.

Jurisdiction relinquished.

Judges ROGERS and DOYLE dissent.