560 A.2d 309

**Monica BROWN and Roy Brown**

v.

**CITY OF PHILADELPHIA et al.**

**Appeal of CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1989.

Decided June 23, 1989.

---

Alan C. Ostrow, Asst. City Sol., Norman S. Weaver, Chief Deputy in Charge of Claims, and Barbara R. Axelrod, Div. Deputy in Charge of Appeals, Seymour Kurland, City Sol., Philadelphia, for appellant.

Allen L. Feingold, James P. Hadden, Philadelphia, for appellee.

Before CRUMLISH, Jr., President Judge,
McGINLEY (P.), J., and NARICK, Senior Judge.

CRUMLISH, Jr., President Judge.

The City of Philadelphia and its Department of Public Health Community Health Services (collectively referred to as "the City defendants") seek to appeal a Philadelphia County Common Pleas Court order denying their motion for judgment on the pleadings. Monica and Roy Brown, who commenced this personal injury action against the City defendants, move to quash the appeal.

The Browns sued the City defendants alleging that, following Monica's treatment at a City public health center where she underwent x-rays, she discovered that she was pregnant and that the x-rays could harm the fetus. The

complaint avers that this caused her to suffer psychological stress and to undergo an abortion because of the potential harm to the fetus. The City defendants asserted, by way of new matter, governmental immunity as affirmative defenses, 42 Pa.C.S. §§ 8541—8564.

The City defendants then moved for judgment on the pleadings, contending that the Browns' action was not within a statutory immunity exception. The trial court denied this motion.

We conclude that this case is controlled by *Bollinger v. Obrecht*, 122 Pa. Commonwealth Ct. 562, 552 A.2d 359 (1989). There we held that an interlocutory order rejecting a claim of immunity under Pennsylvania law is not a final order or a collateral order since it is not separate from and collateral to the main cause of action. Likewise, the trial court's order in this action is an unappealable interlocutory order. Therefore, we grant the Browns' motion to quash the appeal.

## ORDER

Upon consideration of the application to quash appeal filed by Monica Brown and Roy Brown, said application is granted and the appeal is hereby quashed.