571 A.2d 546

Michael Scott FARBER, Appellant,

v.

PENNSBURY SCHOOL DISTRICT, Appellee.

PENNSBURY SCHOOL DISTRICT, Appellant,

v.

Michael Scott FARBER, Appellee.

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided March 8, 1990.

Arnold Machles, Machles & Caplan, P.C., for appellant/appellee Michael Scott Farber.

Kurt Denke, Joseph Goldberg, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer, for appellee/appellant Pennsbury School Dist.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Before this Court is Michael Scott Farber's (Farber) appeal and Pennsbury School District's (District) cross-appeal from an order of the Court of Common Pleas of Bucks County (trial court) which granted in part and denied in part District's motion for judgment on the pleadings.

Farber, a high school senior, alleges in his complaint that he was on District property participating in a District-sponsored race in which he was carrying another student on his back when he was caused to slip, trip and fall and suffer a knee injury. Farber alleges that District's negligence caused his injury.

In its answer raising new matter, District alleges that the immunity provisions of 42 Pa.C.S. §§ 8541–8542 (Act) bars Farber's complaint. In response to District's motion for judgment on the pleadings, trial court entered an order granting the motion in part and denying it in part. Judgment was entered in favor of District with respect to all of Farber's claims except those contained in paragraph 6(e)[1] of Farber's complaint.

Farber argues that the trial court should not have granted District's motion for judgment on the pleadings as to any of Farber's claims. District alleges that the trial court erred by failing to grant judgment on the pleadings as to Farber's entire complaint on the basis of governmental immunity. We address District's appeal first because it raises jurisdictional issues.

■ Initially, District argues that this court has jurisdiction to hear this otherwise interlocutory appeal because of the collateral order doctrine. Citing *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221,

---

1. Paragraph 6(e) of Farber's complaint states as follows:
 6. Said accident and injuries were the result of the negligence of defendant, by its agents aforesaid, in:

 . . . .

 (e) failing to property [sic] choose, maintain, clean and inspect the real estate owned by said defendant upon which said plaintiff was injured;

93 L.Ed. 1528 (1949), District argues that the collateral order doctrine permits an appeal from a ruling that would otherwise be considered interlocutory if that ruling finally determines a claim or issue separable from the merits and is too important to be denied review.

This court rejected this argument in *Bollinger v. Obrecht,* 122 Pa.Commonwealth Ct. 562, 552 A.2d 359 (1989). In *Bollinger,* we held that a trial court's order denying summary judgment and rejecting a claim of immunity under Pennsylvania law is not a final order or a collateral order because it is not separate from and collateral to the main cause of action. Therefore, we dismissed the appeal. In *Brown v. City of Philadelphia,* 126 Pa.Commonwealth Ct. 549, 560 A.2d 309 (1989), the city, asserting governmental immunity, moved for judgment on the pleadings which the trial court denied. The city appealed and we held that *Bollinger* controlled appeals from denials of judgment on the pleadings as well as summary judgments and dismissed the appeal. We find that *Brown* and *Bollinger* control here. Therefore, we dismiss District's appeal.

Farber argues [2] that, once he has pleaded an exception to governmental immunity,[3] all immunity is waived so that

**2.** Our scope of review of a trial court's granting of judgment on the pleadings is limited to determining whether there has been an error of law or abuse of discretion. *Baker v. Hawks,* 127 Pa.Commonwealth Ct. 92, 560 A.2d 939 (1989).

**3.** We note that Farber relies on the trial court's holding that his allegations in paragraph 6(e) of the complaint were sufficient to bring the matter within the scope of the real estate exception. Despite the trial court's holding, a review of the pleadings reveals that Farber has not alleged any facts which would fall within the real estate exception. The trial court relies upon *Cestari v. School District of Cheltenham Township,* 103 Pa.Commonwealth Ct. 274, 520 A.2d 110, *petition for allowance of appeal denied,* 517 Pa. 595, 535 A.2d 84 (1987). In *Cestari,* we held that an allegation that a school district insufficiently protected a pole vault pit with mats created a factual issue and the grant of summary judgment was reversed. *Cestari* relied upon *Singer v. School District of Philadelphia,* 99 Pa.Commonwealth Ct. 553, 513 A.2d 1108 (1986) where this court held that proper gym floor matting is an essential safety element of a gym floor being used for a vaulting stunt and that gym floor matting is an aspect within the District's care, custody and control of its real property subject to the real property exception. Both cases are distinguishable.

District and its employees can be held accountable for any and all negligent acts which do not otherwise fall within an exception to governmental immunity. Farber argues that the Act does not specifically set forth the manner or extent to which a government unit can be held liable for damage occurring on government property once immunity is waived and therefore, the government must be held to the same duty as a landowner at common law. Farber argues that he merely pleaded the common law negligence standards for a landowner and therefore the trial court erred in granting judgment on the pleadings.

 The real property exception to immunity states in part as follows:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real Property.—The care, custody or control of real property in the possession of the local agency. . . .

42 Pa.C.S. § 8542(b)(3). Exceptions to the rule of immunity must be narrowly interpreted given the express legislative intent to insulate political subdivisions from tort liability. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). The clear language of the Act specifically limits the waiver of immunity to acts regarding the care,

Farber does not allege in the pleadings that District was negligent in failing to place proper matting on the gym floor. Farber merely alleges that District improperly chose, maintained, cleaned and inspected the gym floor. The real estate exception is pertinent only in those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury by the acts of others. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). Farber has not alleged that the gym floor itself caused his injury. Therefore, no immunity exception has been alleged.

However, this is precisely the issue which District raises in its appeal. As we held above, District's appeal is interlocutory. Therefore, this issue is not squarely before us. Therefore, we will address Farber's argument, using the trial court's conclusion that an exception to immunity has been properly pleaded.

custody or control of real property. In light of the Act's purpose, the legislature could not have intended to expose political subdivisions to all negligence claims when only one exception to immunity has been pleaded. We hold that the proper pleading of one exception to governmental immunity does not waive immunity for alleged acts of negligence which are not specifically included as exceptions under the Act.

■ Next, Farber argues that averments (a), (b), (c), (d), and (f) of paragraph six[4] allege acts of negligence which directly contributed to the defective condition of the property. Therefore, Farber argues, these averments should survive judgment on the pleadings.

The real estate exception is pertinent only in those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury by the acts of others. *Mascaro.* Furthermore, "the real estate exception ... has consistently been held to be unavailable to those whose claim of negligence consists of a failure to supervise the conduct of students or persons adequately." *Id.,* 514 Pa. at 362, 523 A.2d at 1124.

It is clear that Farber's allegations of negligence in (a), (b), (c), (d), and (f) of paragraph six of the complaint deal with conduct of District employees in supervising the race and are not allegations of a defect or artificial condition of the land itself. The trial court did not err or abuse its discretion in granting District's motion for judgment on the pleadings as to these allegations of the complaint.

4. Averments (a), (b), (c), (d), and (f) of paragraph six of Farber's complaint state as follows:
6. Said accident and injuries were the result of the negligence of defendant, by its agents aforesaid, in:
(a) acting in a reckless manner;
(b) failing to respect the rights, safety and position of the plaintiff in the place aforesaid;
(c) failing to warn plaintiff;
(d) failing to adequately supervise the race described;
. . . .
(f) failing to properly train plaintiff for the activity in which he was injured; . . . .

Accordingly, the trial court's order granting partial judgment on the pleadings is affirmed and District's appeal is dismissed.

## ORDER

AND NOW, March 8, 1990, the order of the Court of Common Pleas of Bucks County in the above-captioned matter, granting, in part, judgment on the pleadings, is affirmed. The appeal of Pennsbury School District is dismissed.