647 A.2d 975

**Mary Jane WEST, Admx. of the Estate of Grace Siford, Deceased, and Mary Jane West, In Her Own Right, Appellant,**

v.

**Joseph S. KUNECK and Swedeland Volunteer Fire Company, Doris Kulp, Admx. of the Estate of Joseph SL Kuneck, Deceased.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1994.

Decided Sept. 1, 1994.

Frank P. Murphy, for appellant.

William H. Kinkead, III, for appellee Swedeland Volunteer Fire Co.

Before DOYLE and McGINLEY, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

Before the Court is an appeal from a grant of summary judgment entered by the Court of Common Pleas of Montgomery County.

The following are the relevant facts. On October 6, 1987, at 3:39 p.m., Grace Siford was walking across the parking lot of the Swedeland Volunteer Fire Company (Fire Company) when she was struck by a pickup truck being driven by Joseph K. Kuneck. Kuneck's truck had entered the parking lot from Flint Hill Road, a state highway. According to the police accident report, the approximate point where the truck struck Grace Siford was 19 feet into the parking lot from the edge of Flint Hill Road. Mrs. Siford was not struck while on the sidewalk abutting Flint Hill Road. Kuneck testified that he did not see Grace Siford at the time he struck her because he was looking at a woman and child to his right, rather than looking at his path of travel. (Deposition of Kuneck p. 43.) Mrs. Siford, seriously injured, died eleven months later.

Mary Jane West (Appellant), administratrix of Grace Siford's estate, filed a complaint on December 28, 1988, against Kuneck, the Fire Company, Upper Merion Township, Upper Merion School District, and the Pennsylvania Department of Transportation (DOT). Appellant's complaint alleged, *inter alia*, that the Fire Company owned or controlled the parking lot on which Siford was walking when she was struck and that DOT owned and regulated Flint Hill Road. Count II of the

complaint, which contained the allegations and cause of action against the Fire Company, asserted, essentially, that the Fire Company was negligent when it (a) failed to provide proper and adequate markings "upon its parking lot and/or driveway(s) premises," (b) failed to provide "properly designed driveways," and (c) "failed to provide adequate warnings ... to protect ... pedestrians from the dangerous and hazardous condition of its parking lot." (Complaint ¶ 20.)

As to DOT, Appellant's complaint alleged that DOT "failed to prohibit the improper design and construction of the *ninety (90) foot wide,* uncontrolled access driveway to the [Fire Company] parking lot, which is in violation of [DOT's] own standards...." (Complaint ¶ 30.) (Emphasis added.)

The Fire Company filed an answer denying Appellant's allegations that the accident was due in any manner to any defective condition of the parking lot. The Fire Company's answer included new matter which asserted the affirmative defense of governmental immunity under Sections 8541 and 8542 of the Judicial Code (Code), 42 Pa.C.S. § 8541 and § 8542. On November 17, 1989, Appellant filed an amended complaint which repeated the initial allegation that DOT owned Flint Hill Road and the right of way thereto and alleged that

> [DOT] had a duty to erect, install, maintain or require to be installed barriers such as curbs or guardrail preventing traffic along Flint Hill Road from entering the parking lot area of the [Fire Company] accept [sic] at such controlled locations as would safely allow controlled turns into the parking lot area.

(Appellant's amended complaint ¶ 30.) Appellant's complaint against the Township and DOT was dismissed on preliminary objections on November 28, 1990,[1] and no appeal from this dismissal was taken. On April 2, 1993, the Fire Company filed a motion for summary judgment on the basis that it was

---

1. As to the other two parties, summary judgment was granted in favor of Upper Merion School District on July 23, 1991, and Appellant settled with Kuneck for $100,000 and executed a pro rata tortfeasor release on March 15, 1991.

immune from suit. This motion was granted on April 2, 1993. This appeal followed.[2]

It is the Appellant's contention that there are two exceptions to the shield of governmental immunity asserted by the Fire Company which apply to the facts in this case, *viz.*, the real estate exception and the sidewalk exception under Section 8542(b) of the Code, which are as follows:

**(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real property.*—The care, custody or control of real property in the possession of the local agency. . . . As used in this paragraph, "real property" shall not include:

. . . .

(iii) streets; or

(iv) sidewalks.

. . . .

(7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency

. . . .

Sections 8542(b)(3) and 8542(b)(7) of the Code, 42 Pa.C.S. § 8542(b)(3) and § 8542(b)(7).

 Addressing the sidewalk exception first, Appellant's sole argument is that this exception applies because of the

---

**2.** Our standard of review is as follows:

Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. No. 1035(b). 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.' *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in those cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989).

*Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144–45, 615 A.2d 303, 304 (1992).

Fire Company's failure "to properly warn pedestrians of cut-through traffic and failure to properly restrict the flow of traffic through its parking lot." How those failures, even if rising to the level of negligence, relate to or apply to the *sidewalk* is never explained by the Appellant in her brief, and this Court's review of the record fails to reveal any such nexus. Mrs. Siford was not struck by Kuneck's truck while she stood on the sidewalk; she was struck and killed while she stood in the parking lot. Moreover, *this* sidewalk was not within the right-of-way of any street owned by *the Fire Company* and, therefore, the sidewalk exception is totally inapplicable.

 Regarding Appellant's second argument, it is clear that the real estate exception to governmental immunity is to be narrowly construed against the injured plaintiff, *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), and for the limited waiver of Section 8542(b)(3) of the Code to apply, there must be negligence which makes the real property *itself* unsafe for activities for which it is used. *Id.* Moreover, the negligent act complained of "must derive, originate from or have as its source" the governmental realty. *Snyder v. Harmon,* 522 Pa. 424, 433, 562 A.2d 307, 311 (1989). "[T]he real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Mascaro,* 514 Pa. at 363, 523 A.2d at 1124 (emphasis in original).

 Clearly, the alleged failure to provide markings on the surface of the parking lot is not an actual defect *of* the parking lot itself. Likewise, Appellant's allegation that the Fire Company failed to provide "upon the premises of its parking lot, properly designed driveways" is also insufficient, since the failure to provide a properly designed driveway into the parking lot, at most, only facilitated the injuries sustained by Mrs. Siford. Kuneck could, and did, drive wherever he wanted to drive once he gained access to the parking lot.

Appellant also averred in her complaint that the Fire Company failed to warn pedestrians of the hazardous condition of the parking lot. This allegation also falters because no defect or artificial condition of the land itself is alleged. As the Supreme Court recently stated in *Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184 (1994): [3]

> It is not enough, however, for a claimant to assert that the sidewalk constituted a dangerous condition. Appellees were also required to demonstrate that the dangerous condition of the sidewalk *itself* caused Joseph's injuries. We have consistently maintained our view that the focus of the negligent act involving a use of government owned or controlled land (including streets and sidewalks) must be the actual defect of the land itself and that the rule of immunity can be waived only in those cases where it is alleged that the artificial condition or defect of the land itself causes the injury. Here, it is alleged that the condition of the sidewalk made it impossible for its intended use, but Joseph was not injured while using the sidewalk. In fact, the allegations of Appellees' complaint indicate that because of the condition of the sidewalk it could not be sued and that, therefore, Joseph was walking on the street when he was injured by the Johanson vehicle. Nor is it alleged that there were any defects on the street or that the artificial condition of the street itself caused Joseph's injuries. What Appellees are really arguing is that the Appellant knew or should have known that by obstructing the sidewalk they were forcing people to walk on the street, thereby creating an inherently dangerous condition and should have taken action to prevent any harm from occur-

3. In *Kiley*, a five year old boy, Joseph Kiley, was struck by a car when he walked in the street around a demolition area because the sidewalk had been blocked off by barricades. The family sued, among others, the City of Philadelphia, alleging that the barricaded sidewalk was a substantial factor causing Joseph's injuries. The City argued that it was protected from suit by governmental immunity. The Supreme Court held that at most the barricades forcing Joseph to walk into the street merely facilitated his injuries, and therefore the sidewalk exception to governmental immunity did not apply.

ring. As appealing as this theory is, it is not supported by any exception to our immunity statute.

*Id.* at 509, 645 A.2d at 187 (citations omitted) (emphasis in original).

Appellant directs our attention to the report of Consulting Engineers, Inc., which she believes presents an issue of material fact concerning the defects in the Fire Company's parking lot. However, the engineering report, if anything, demonstrates that if a defect existed, the defect existed at the driveway entrance to the Fire Company's parking lot and not within the parking lot itself. The driveway entrance was located *on* Flint Hill Road, the state road controlled by DOT. No defect of the parking lot itself is ever alleged, and Appellant herself even recognizes the true cause of the accident in her brief when she states that "[i]f the area along Flint Hill Road was properly curbed and had proper exits and entrances as outlined in the Appellant's engineer report, the foreseeable negligence of Driver Kuneck would not have occurred." (Appellant's brief at 9.) Thus, it is clear that a condition *of* the parking lot did not cause Mrs. Siford's injuries and untimely death.

Judge Margorie Lawrence, the trial judge, incisively wrote:

Even assuming defendant [Fire Company] was negligent for purposes of the summary judgment motion, this negligence was not the cause of Mrs. Siford's injuries; rather the injuries were due primarily to Mr. Kuneck's vehicle striking Mrs. Siford in the parking lot, a superseding cause which shields the Defendant from liability.[2]

[2] Mr. Kuneck admitted that he did not see Mrs. Siford at the time he hit her because his attention was focused not on the path he was traveling but on a woman and child standing together to his right. The investigating officer indicated a reckless driving violation against him as a result of this accident.

In *Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993), this Court had occasion to address the present status of the law when there is a third party tortfeasor involved in a negligence action, and we summarized the law as follows:

- if the third party's conduct is criminal and was the cause of the accident, it is a superseding cause and immunizes local agencies and commonwealth parties from joint tortfeasor liability.

- if the third party engages in noncriminal negligent conduct, a governmental unit can only be held liable if there is 'active fault on its part,' i.e., the governmental act must be one of commission rather than omission. Otherwise, the negligent act of the third party will be considered an intervening superseding cause.

- even where there is active fault by the governmental entity, there must be, in addition, a direct nexus between the plaintiff's injury and the governmental negligence. If 'but for' the governmental negligence the injury would not have occurred, then the governmental body can still be determined to be liable, even though a negligent third party was also involved. Otherwise, the third party's negligence will be considered to be primary and vitiate any incidental negligence on the part of the government.

*Id.* at 581–82, 621 A.2d at 1203.

█ Last, Appellant argues that the real estate exception applies in this case because the Fire Company allowed the parking lot to be used as a cut through between two roadways. Again, this circumstance does not allege an actual defect of the land itself. Moreover, Appellant, on page four of her brief before this Court, concedes that at the time of the accident it was Kuneck's intention to *park* in the parking lot and not use it to cut through to another street.

█ In sum, there has never been asserted active negligence on the part of the Fire Company, and, even if there had been, and even had it been established by competent evidence which the jury could choose to believe, Appellant never established a direct nexus between that active negligence and the injury to Mrs. Siford.[4]

Affirmed.

4. For further examples of how the intervening acts of others serve to render the real property exception to sovereign immunity inapplicable,

## ORDER

NOW, Sept. 1, 1994, the order of the Court of Common Pleas of Montgomery County is hereby affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the facts of the case preclude submission to a jury.

A motion for summary judgment may be granted only when there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). Further, our scope of review when examining an order granting summary judgment is limited to determining whether the lower court committed an error of law or abused its discretion. *Deritis v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 244, 582 A.2d 738 (1990). In making this determination the trial court must examine the record in the light most favorable to the non-moving party. *Mullen v. Borough of Parkesburg*, 132 Pa.Commonwealth Ct. 321, 324, 572 A.2d 859, 860–861 (1990).

I am aware that section 8542 does not contain the phrase "dangerous condition" found in the real estate exception to sovereign immunity set forth in 42 Pa.C.S. § 8522(b)(4). Our Supreme Court, however, has utilized the same criteria while construing both real estate exceptions. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989). *See also Crosby v. Kotch*, 135 Pa.Commonwealth Ct. 470, 473–74, 580 A.2d 1191, 1193 (1990). The real property exception found at section 8542 has been "applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Mas-*

see Snyder; Downing v. Philadelphia Housing Authority, 148 Pa.Commonwealth Ct. 225, 610 A.2d 535, petition for allowance of appeal denied, 532 Pa. 658, 615 A.2d 1314 (1992); Wellons v. SEPTA, 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169, petition for allowance of appeal denied, 529 Pa. 643, 600 A.2d 1260 (1991).

*caro v. Youth Study Center,* 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987). The issue of government liability in circumstances that involve the presence of an additional tortfeasor was revisited by our Supreme Court in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992). The court in *Crowell* found that where a plaintiff is injured and brings an action against a government unit the government unit may be liable despite the presence of an additional tortfeasor if the government unit's actions preclude indemnity from another for injuries rendered to a third person. *Crowell,* 531 Pa. at 406, 613 A.2d at 1184.

Here, Appellant alleges that if the lot was free of defects Kuneck would not have traversed it in a negligent manner, but would have necessarily entered the lot at a slower speed and the accident would have been avoided. Therefore, Appellant asserts a defect in the land caused the injury.

Given the express legislative intent to insulate political subdivisions from tort liability, we are required to narrowly construe the real estate exception to government immunity. *Mascaro,* 514 Pa. at 361, 523 A.2d at 1123. In any event, as an attachment to the brief filed in response to the Fire Company's motion for summary judgment, Appellant included the report of Consulting Engineers Inc., which addresses the parking lot in question. The report concludes that "the incident involving Mrs. Grace Siford was directly attributable to the improperly constructed and unsafe driveway entrance to the Swedeland Fire Company parking lot along Flint Hill Road." Draft Report of Consulting Engineers Inc. at 9; Reproduced Record at 114a. The majority dismisses the report's conclusion by stating that since the driveway entrance was located on Flint Hill Road which is a state road controlled by DOT, then Appellant has failed to allege a defect in the parking lot. I fail to see the connection.

I believe the majority has overlooked the fact that while Flint Hill Road may be controlled by DOT, the driveway entrance itself is controlled by the Fire Company and is part

of the parking lot. Both the parking lot and the driveway are real estate owned and under the control of the Fire Company. I believe that a question has been raised as to whether or not the parking lot itself contained a "dangerous condition." The question of what constitutes a dangerous condition is one for the jury to decide as the finder of fact. *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992).[1] *See also Mindala v. American Motors,* 518 Pa. 350, 543 A.2d 520 (1988). I would therefore conclude that the facts before us present a genuine issue of material fact as to the actual cause of Mrs. Siford's injuries and summary judgment was inappropriate.

---

**1.** Recently, our Pennsylvania Supreme Court in *Majestic v. Department of Transportation,* 537 Pa. 81, 641 A.2d 295 (1994) reaffirmed its decision in *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992). While our Supreme Court did not examine the issue of the township's liability in *Bendas,* as they have decided to construe 42 Pa.C.S. § 8522(b)(4) and § 8542(b)(3) in essentially the same manner using the "dangerous condition" language, we see no reason why the fire department should be treated differently. The Supreme Court stated:

> Consequently, since the Commonwealth does have a duty to make its highways reasonably safe for their intended purpose, and since the question of what is or is not a dangerous condition must be answered by the jury, this case was not appropriate for summary judgment, and the trial court's refusal to grant the Department's motion was correct.

*Bendas,* 531 Pa. at 185, 611 A.2d at 1187. Just as the Commonwealth has a duty to make its highways safe so does the Fire Company have a duty to maintain and design its parking lot free from any dangerous condition.