Donald **BRADLEY**, Appellant,

v.

**FRANKLIN COUNTY PRISON and County of Franklin.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1996.

Decided April 4, 1996.

W. Scott Henning, for Appellant.

Timothy I. Mark, for Appellee.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

DOYLE, Judge.

Donald Bradley appeals an order of the Court of Common Pleas of Franklin County which granted a motion for judgment on the pleadings in the nature of a demurrer filed by the Franklin County Prison and the County of Franklin (Appellees).

The instant action was commenced as a result of injuries sustained by Bradley while incarcerated at the Prison, when he slipped and fell on wet tile in the drying off area of the prison showers on January 1, 1993. Bradley filed suit against Appellees alleging, *inter alia*, that their negligence in installing a tile floor without a non-slip surface constituted a dangerous condition of government property which caused Bradley's injuries.

At the close of the pleadings, Appellees filed a motion for judgment on the pleadings asserting that they were entitled to judgment

as a matter of law because Bradley's claim is barred by what is commonly referred to as the Political Subdivision Tort Claims Act, Sections 8541 and 8542 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8542. Following oral argument, the trial court ruled that the complaint did not set forth facts which would bring it within the ambit of the real property exception to governmental immunity, Section 8542(b)(3) of the Code, 42 Pa.C.S. § 8542(b)(3), and, therefore, granted Appellees' motion. This appeal followed.

■■■ When reviewing a trial court's decision to grant a motion for judgment on the pleadings, our scope of review is plenary. *Steiner v. Bell of Pennsylvania*, 426 Pa. Superior Ct. 84, 626 A.2d 584 (1993). We must confine our consideration to the pleadings filed, accepting as true all well pled statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *Id.* Further, we will sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *Id.*

The real property exception to governmental immunity provides:

(b) **Acts which may impose liability.**— The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

42 Pa.C.S. § 8542(b)(3).

■■■ In interpreting the real property exception we are mindful of several established principles. First, in order to effectuate the legislative intent to insulate political subdivisions from tort liability, the real property exception is narrowly construed. *Diaz v. Houck*, 159 Pa.Cmwlth. 274, 632 A.2d 1081 (1993). Second, the real property exception to governmental immunity is interpreted in *pari materia* with the sidewalk exception to governmental immunity, Section 8542(b)(7) of the Code, 42 Pa.C.S. § 8542(b)(7),[1] and the real estate exception to sovereign immunity, Section 8522(b)(4) of the Code, 42 Pa.C.S. § 8522(b)(4).[2] *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995). Third, it is now settled that pursuant to all three exceptions, liability is predicated upon proof that a "condition of the government realty, itself, deriving, originating from or having the realty as its source," caused the plaintiff's injuries. *Id.* at 605, 664 A.2d at 1346. As such, liability will not be imposed under the real property exception for injuries caused by the negligent failure of a government entity to remove a foreign substance from realty. Thus, when a plaintiff only alleged that a natural accumulation of ice or frost caused her injury, and did not plead any artificial condition or defect of the land, we held that the real estate exception to sovereign immunity did not apply. *Bowles v. Southeastern Pennsylvania Transportation Authority*, 135 Pa.Cmwlth. 534, 581 A.2d 700 (1990); *see also Metkus v. Pennsbury School District*, 674 A.2d 355 (Pa.Cmwlth.1996) (real

---

1. Section 8542(b)(7) provides in pertinent part:

   (b) **Acts which may impose liability.**—The following acts by a local agency. . . .

   . . . .

   (7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the

   event to have taken measures to protect against the dangerous condition.

2. Section 8522(b)(4) provides in pertinent part:

   (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

   . . . .

   (4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks. . . .

property exception to governmental immunity). Similarly, when a plaintiff slipped on a wet terrazzo floor in a school building, we held that she failed to establish negligence sufficient to bring the school district's conduct within the real property exception to governmental immunity because the rainwater on the floor neither derived from nor originated from the school district's property, and *no evidence was offered to establish that the floor itself was defective. Shedrick v. William Penn School District,* 654 A.2d 163 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995). Moreover, the trial court found that nothing was offered to either prove or infer that a terrazzo floor is inherently dangerous or slippery. *Id.; see also DeLuca v. School District of Philadelphia,* 654 A.2d 29 (Pa. Cmwlth.1994) (milk which leaked onto a concrete pavement is not a defect of the pavement itself within the scope of the real property exception to governmental immunity).

■ However, liability may be imposed where a plaintiff pleads and proves that the presence of a slippery substance on government property was caused by improper design, construction, deterioration, or inherent defect of the real estate itself. *Finn.* Moreover, our courts have held that liability may also be imposed "for negligence which makes government-owned real property unsafe for activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Singer v. School District of Philadelphia,* 99 Pa.Cmwlth. 553, 513 A.2d 1108, 1109 (1986). In *Singer,* we held that a school district may be liable for injuries resulting from allegedly insufficient matting protection in a gymnasium. The holding in *Singer* was predicated upon our conclusion that sufficient matting protection is an essential safety element of a school gymnasium floor *which is intended to by used for gymnastic activities by the students.* **Such intended use was a**

**specific readily identifiable distinguishable use.**

■ In the instant case, Bradley's complaint alleges, *inter alia,* that Appellees were negligent "in failing to install and/or allowing to exist a tile floor without non-slip properties." (Plaintiff's Complaint at 3.) In contrast to *West v. Kuneck,* 167 Pa.Cmwlth. 252, 647 A.2d 975 (1994), *petition for allowance of appeal denied,* 541 Pa. 647, 663 A.2d 698 (1995), relied upon by the trial court, in which a pickup truck struck and killed a woman who was walking on an allegedly defective governmental parking lot, the instant case does not involve a third party who caused Bradley's injuries, nor an area open and available to the public in general. Rather, it is alleged that the tile floor *itself* caused the injury because of its defective condition due to its lack of non-slip properties.[3] For the same reason, the instant case is distinguishable from *Shedrick,* where the rainwater which had accumulated on the floor neither derived nor originated from the school district's realty, and no evidence was offered to establish that the floor itself was defective or that the area served a special use. The terrazzo floor in *Shedrick* was in the general, well-traveled public area of the school building and the rainwater was not "provided" by the school district.

Conversely, in the present case, the prison authorities provided the shower facilities where running water was a necessary and inextricable part of the design; the prison constructed the shower and drying-off area knowing and intending that water would necessarily accumulate on the floor where bare feet must tread. As such, the instant case is analogous to *Singer* in that a shower drying off area must have tiles with non-slip properties in order to be safe for its particular use, *i.e.,* being stepped upon by wet feet, just as a school gymnasium floor must have sufficient

---

3. Similarly, *Farber v. Pennsbury School District,* 131 Pa.Cmwlth. 642, 571 A.2d 546 (1990), also relied upon by the trial court, is inapposite to the instant case. The *Farber* decision rested on the well-settled principle that the real estate exception is unavailable to those whose claim of negligence is predicated upon the failure to adequately supervise the conduct of students or other persons. Because the school's appeal was ruled interlocutory, the question whether the allegation in *Farber's* complaint regarding the school's failure to properly choose, maintain, clean and inspect the real estate was sufficient to bring the complaint within the real property exception, was not before the *Farber* court. Therefore, any pronouncements on this issue are purely dicta.

matting protection in order to be safe for its intended, specific use, *i.e.*, gymnastic activities of its students.

Accordingly, we hold that Bradley's allegation that his injury was caused by the defective design, construction or condition of the floor, devoid of a non-slip surface, is an allegation that falls within the real property exception to governmental immunity. Because the question of whether Appellees have created a dangerous condition of government realty, by failing to install a non-slip surface on the prison drying off area, is one of fact for the jury to decide, the trial court acted improperly in granting the Appellees' motion for judgment on the pleadings.

The order of the trial court is reversed and this case is remanded for proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.

### ORDER

NOW, April 4, 1996, the order of the Court of Common Pleas of Franklin County in the above-captioned matter is hereby reversed and this case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

SMITH and PELLEGRINI, JJ., concur in the result only.