**NEWBERRY TOWNSHIP**

v.

**Ray STAMBAUGH, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 2005.

Decided May 19, 2005.

Eugene R. Campbell, York, for appellant.

John C. Herrold, York, for appellee.

BEFORE: FRIEDMAN, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Ray Stambaugh (Stambaugh) appeals from the May 12, 2004 order of the Court of Common Pleas of York County (trial court) granting Newberry Township's (Township) motion for judgment on the pleadings. Relying upon *Newberry Township v. Stambaugh*, 848 A.2d 173 (Pa. Cmwlth.2004) (*Stambaugh I*), the trial court held that Stambaugh could be re-

---

quired to pay trash collection fees to the Township even though he did not need, or desire, this service. We affirm.

Newberry Township is established under and governed by The Second Class Township Code,[1] pursuant to which it enacted the Newberry Township Municipal Waste Collection and Disposal Ordinance (Ordinance).[2] In accordance with the Ordinance, the Township entered into an agreement with a private contractor for the collection, transportation and disposal of waste generated by Township residents, who are billed quarterly for the service.[3] If a resident fails to pay, then the Township files a municipal lien against the residents property.[4]

Since the inception of the Townships trash collection program, Stambaugh has refused to pay his trash collection invoices. On December 12, 2002, the Township filed a complaint against Stambaugh, and a District Justice entered a judgment in favor of the Township. Stambaugh then appealed to the trial court. In conjunction with Stambaugh's appeal, the Township then filed a complaint with the trial court seeking judgment in the amount of $689.01 for nonpayment of the refuse collection charges. Stambaugh filed an answer and new matter raising defenses identical to those raised in *Township of West Manchester v. Mayo*, 746 A.2d 666 (Pa.Cmwlth.

---

1. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–68701.

2. NEWBERRY TOWNSHIP, YORK COUNTY, PA., CODE OF ORDINANCES ch. 20, Pt. 1, §§ 101–120 (1994).

3. Section 2102 of The Second Class Township Code provides that the board of supervisors may dispose of, by contract or otherwise, ashes, garbage, solid waste and other refuse materials. 53 P.S. § 67102. Section 104 of the Ordinance provides that "only the contractor authorized by the township shall collect, transport and dispose of municipal waste from dwellings within Newberry Township."

4. Section 2105 of The Second Class Township Code provides that the board of supervisors may establish, alter, charge and collect rates and other charges to collect and remove solid waste. 53 P.S. § 67105. Section 113 of the Ordinance provides, "[e]ach owner of a dwelling unit ... shall pay to the Township a quarterly fee for the collection, transportation and disposal of municipal waste.... Any quarterly fees remaining unpaid sixty (60) days after the due date shall be filed as a municipal lien in accordance with the provisions of the Municipal Lien Law."

2000) (wherein this Court held that a resident is responsible to pay a charge for trash collection services even if the resident does not use those services).[5] After the pleadings were closed, the Township filed a motion for judgment on the pleadings, which the trial court granted by order dated January 12, 2004. Stambaugh appealed the judgment to this Court.

 On appeal,[6] Stambaugh raises two issues. He asserts, first, that a Township resident does not have to pay a trash collection fee unless the resident uses trash service. Second, Stambaugh contends that the Township is not entitled to judgment on the pleadings because it cannot bill residents for services they do not use. In effect, Stambaugh raises one issue: whether he can be required to pay the Townships fee for collecting trash even though he does not use this service.

Stambaugh contends that there has been no factual showing that the fees charged to the individual residents are necessary to support the Townships general trash collection. Without such a showing, Stambaugh believes he should not be compelled to pay for a service that he does not use. These defenses are substantively identical to the issues rejected by this Court in *Stambaugh I.* The Township contends that Stambaughs defense is frivolous in light of this Courts decisions in *Mayo* and in *Stambaugh I.*[7] We agree.

 If a complaint states a claim for relief, and the defendants answer states a non-meritorious defense, a plaintiff may move for judgment on the pleadings. *Necho Coal Co. v. Denise Coal Co.,* 387 Pa. 567, 128 A.2d 771 (1957). The trial court did not err in granting the motion for judgment on the pleadings because there is no merit to Stambaughs defenses. They were considered, and rejected, in *Stambaugh I.*

Accordingly, we affirm the decision of the trial court.

### ORDER

AND NOW, this 19th day of May, 2005, the order of the Court of Common Pleas of York County dated May 12, 2004, in the above-captioned matter is hereby affirmed.

---

**5.** The defenses raised by Stambaugh include the following: no services were rendered because he recycles his trash; that the ordinance is ambiguous on its face and unenforceable; the ordinance is discriminatory because it imposes a fee on all residents regardless of whether they use the services; and neither the Municipal Lien Law nor the Second Class Township Code authorizes the Township to impose a municipal lien for trash removal services.

**6.** In an appeal from a decision granting judgment on the pleadings, our review is limited to determining whether the trial court committed an error of law or abused its discretion. *Smith and McMaster, P.C. v. Newtown Borough,* 669 A.2d 452 (Pa.Cmwlth.1995). When reviewing a trial courts decision to grant a motion for judgment on the pleadings, we may consider only the pleadings, accepting as true all well pleaded statements of fact, admission and documents properly attached to the pleadings presented by the party against whom the motion is filed. *Bradley v. Franklin County Prison,* 674 A.2d 363 (Pa. Cmwlth.1996). We may sustain the trial courts grant of judgment on the pleadings only where the movants right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *Id.*

**7.** *Stambaugh I,* 848 A.2d at 174 n. 3, 4, cites to the ordinance of West Manchester Township. The waste disposal ordinances of Newberry Township and West Manchester are virtually identical in form, content and language. Nevertheless, it was the Newberry Township Ordinance that should have been referenced in *Stambaugh I,* not that of West Manchester.