# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alphonse John Pritchard,          :
               Appellant     :
                         :
          v.            :   No. 49 C.D. 2022
                         :   Submitted:  December 4, 2023
James Meintel, et al.         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge


**OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED: January 10, 2024**

Alphonse John Pritchard (Appellant) appeals pro se from the Order of the Montgomery County Court of Common Pleas (common pleas) sustaining James Meintel, et al.'s (Appellees) demurrer on the basis of sovereign immunity and dismissing Appellant's Complaint. For the reasons set forth below, we reverse in part and affirm in part.

## I.    BACKGROUND

Appellant's Complaint[1] alleges as follows.[2] Appellant is an inmate, who, at the time of his alleged injury, was confined at the State Correctional Institution at Graterford (SCI-Graterford). (Complaint (Compl.) at 1.) Appellee Meintel is the

---

[1] Record (R.) Item 0000.

[2] In determining whether a court of common pleas erred in sustaining a demurrer, "this Court assumes as true all material facts set forth in the complaint and all inferences reasonably deducible therefrom. The scope of review is limited to whether the law states, with certainty, that no recovery is possible." *McNichols v. Dep't of Transp.*, 804 A.2d 1264, 1266 (Pa. Cmwlth. 2002) (citation omitted).

Deputy Superintendent of Facility Management at SCI-Graterford and oversees the safety, care, and custody of all SCI-Graterford inmates. (*Id.* ¶ 3.)[3] On January 26, 2017, when returning to his housing unit, Appellant slipped and fell as he walked down a metal ramp covered with water due to a spill by kitchen staff, causing injury to his right shoulder. (*Id.* ¶¶ 10-11.) There were no wet floor signs or other precautions to show the ramp was wet. (*Id.*) In 2009, a "make-shift wooden ramp" was replaced with a metal ramp, and slip-resistant materials were applied. (*Id.* ¶ 12.) Over time, Appellees did not maintain the slip-resistant surface of the metal ramp. (*Id.* ¶ 13.) Following Appellant's injury, Appellees did nothing to repair the slip-resistant feature of the ramp, which had been deteriorating for six years. (*Id.* ¶ 14.) Appellant alleges that Appellees' negligence in maintaining the metal ramp caused his injuries, and he seeks compensatory and punitive damages. (*Id.* ¶¶ 13-16; 22-26.) He also alleges that Appellees were negligent in allowing the ramp to be in use while it was wet and in failing to post wet floor signs. (*Id.* ¶ 18(b)-(c).) Appellees filed preliminary objections consisting of five counts, which, relevant here, included a demurrer based on sovereign immunity.[4]

Common pleas determined that the Complaint was barred by sovereign immunity, as it did not fall within the real estate exception to sovereign immunity set forth in Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b), commonly known as the Sovereign Immunity Act. Accordingly, it sustained Appellees' demurrer and dismissed the Complaint. It relied on *Raker v. Pennsylvania*

---

[3] The Complaint also named Dennis Brumfield, Meintel's predecessor, Ivan Markley, maintenance manager, Juanita Wilcox and Charles Hensley, B-Block housing unit managers, and the Department of Corrections (DOC) as defendants. (Compl. ¶¶ 2-9.)

[4] R. Item 81.

*Department of Corrections*, 844 A.2d 659 (Pa. Cmwlth. 2004), explaining that like the wet, waxed floor in *Raker*,

> there is nothing to indicate that the floor or ramp was constructed defectively or that the water had its source in the floor or ramp of the Commonwealth real estate. In the [C]omplaint, there are no averments which if true would establish that the water derived, originated or had as its source the floor or ramp itself.

(Common Pleas' Opinion (Op.) at 4.) Appellant thereafter filed a timely notice of appeal.

## II.    PARTIES' ARGUMENTS

Appellant argues that common pleas erred in its application of *Raker*, maintaining that the real estate exception applies due to Appellees' failure to maintain the slip-resistant material on the ramp. Appellant urges the Court to look to *Bradley v. Franklin County Prison*, 674 A.2d 363 (Pa. Cmwlth. 1996), arguing that "Appellant affirms that the injury was caused because of the ramp's defective condition due to its lack of non-**slip** properties; **NOT** simply because of water on [the] exposed metal part of [the] ramp." (Appellant's Brief (Br.) at 3 (emphasis in original).) Appellant distinguishes *Raker* because in it, there was no allegation that the real property itself was defective.

Appellees counter that common pleas did not err in finding the real estate exception to sovereign immunity inapplicable. It argues that the water on the ramp here is not a dangerous condition inherent in the Commonwealth real estate. It agrees with common pleas that *Raker* is controlling because *Raker* involved a waxed, wet floor, so the dangerous condition did not have its origin in the real estate itself. Finally, Appellees argue that Appellant's claim does not fall within the real

estate exception because, in their view, he is arguing that the absence of a precaution caused his injury, and the absence of a precaution does not give rise to liability under the real estate exception.

## III.  DISCUSSION

Since 1790, the Pennsylvania Constitution has preserved the common law doctrine of sovereign immunity.[5]  Specifically, article I, section 11 of the Pennsylvania Constitution provides that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."  PA. CONST. art. I, § 11.  In 1978, the General Assembly waived sovereign immunity only in specific, narrow circumstances set forth in the Sovereign Immunity Act.  Relevant here is Section 8522(b)(4), commonly known as the real estate exception, which waives sovereign immunity as to "[a] dangerous condition of Commonwealth agency real estate . . . ."  42 Pa.C.S. § 8522(b)(4).

Recently, summarizing decades of precedent, our Supreme Court has explained that to determine "whether the dangerous condition is **'of'** the Commonwealth realty[,] . . . the dangerous condition must derive, originate from or have as its source the Commonwealth realty."  *Wise v. Huntingdon Cnty. Hous. Dev. Corp.*, 249 A.3d 506, 517 (Pa. 2021) (internal citation and quotation marks omitted). It made clear that "a dangerous condition resulting from 'a defect in the property or in its construction, maintenance, repair or design'" falls within the real estate exception.  *Id.*  Finally, "the dangerous condition must be an artificial condition or

---

[5] "With roots in the English common law, the concept of a limitation on the availability of remedies against the alleged wrongdoing by state officials, i.e., the doctrine of sovereign immunity, was suggested in our Commonwealth as early as 1788."  *Dorsey v. Redman*, 96 A.3d 332, 340 (Pa. 2014) (footnote omitted).

4

defect of the land itself, as opposed to the absence of such a condition, and that artificial condition or defect must be the cause, or a concurrent cause, of the injury." *Id.* *Wise* reaffirmed the notion that absence of a precaution will not give rise to liability under the real estate exception, but a negligently constructed, maintained, repaired, or designed precaution will. *See Dean v. Dep't of Transp.*, 751 A.2d 1130, 1130 (Pa. 2000) ("**[F]ailure** to erect a guardrail does not constitute a dangerous condition of Commonwealth realty.") (emphasis added). *But see Cagey v. Commonwealth*, 179 A.3d 458, 467 (Pa. 2018) ("When [the Department of Transportation] installs a guardrail, sovereign immunity is waived if the agency's negligent installation and design creates a dangerous condition.").[6]

The plaintiff in *Wise* instituted a negligence action against a county-owned public housing complex, alleging that she tripped and fell on an uneven sidewalk. Specifically, she alleged that the fall was caused by "insufficient outdoor lighting of the sidewalk area . . . due to the location of pole light and a tree obstructing the light provided." 249 A.3d at 509. In finding that scenario to fit within the real estate exception, the Supreme Court emphasized that the fact that natural darkness might be a **concurrent** cause of the injury was of no moment. *Id.* at 519. Further, it specifically held that "when [a government] agency installs lighting as part of its real estate, 'sovereign immunity is waived if the agency's negligent installation and design creates a dangerous condition.'" *Id.* at 518 (quoting *Cagey*, 179 A.3d at 467.)

Our reading of *Wise*'s careful summary of real estate exception jurisprudence makes clear that Appellant has pled sufficient facts to proceed under the real estate

---

[6] Writing separately in both *Wise* and *Cagey*, Justice Wecht has called for overruling that distinction, citing specific concerns about the incentives the distinction creates. In his view, the distinction "creates a perverse incentive for the Commonwealth to forego the installation of guardrails entirely, lest it waive immunity when those guardrails cause injury." *Cagey*, 179 A.3d at 473 (Wecht, J., concurring). *See also Wise*, 249 A.3d at 526 (Wecht, J., concurring) (same).

exception.  Appellant alleges a defect in the real estate itself—here, the metal ramp—which from its "maintenance[ and] repair" has created a dangerous condition.  *Wise*, 249 A.3d at 517.  Likewise, the dangerous condition is an artificial condition which Appellant alleges caused, or at least was a concurrent cause of, his injury.  Just like the plaintiff in *Wise* alleged her injury to have been caused by **insufficient** lighting, Appellant here alleges his injury to have been caused by **insufficient** slip-resistance on the ramp, which he maintains has been allowed to deteriorate for years.  (Compl. ¶¶ 14-15; 18(a), (d), (e).)

Further, common pleas erred in relying on *Raker*.  There, an inmate slipped and fell on a wet prison floor.  In holding that the real estate exception did not apply, we explained that the inmate's "injuries were caused by slipping on a wet, waxed floor, and **nothing indicates** that the floor of [the prison] was constructed defectively or that the substances that caused his fall . . . had as its source the floor of [the prison] itself."  *Raker*, 844 A.2d at 662 (emphasis added).  Here, by contrast, Appellant **has** indicated that the ramp was maintained defectively, not simply that it was an otherwise undefective, but wet, ramp.  (Compl. ¶¶ 14-15; 18(a), (d), (e).)

We agree with Appellant that *Bradley* also supports this conclusion.  There, the inmate slipped and fell on a wet tile floor in the drying-off area of the prison's shower room.  The inmate alleged that the prison had "fail[ed] to install and/or allow[ed] to exist a tile floor without non-slip properties."  674 A.2d at 366.  We found the real estate exception did apply on those facts because the "injury was caused by the **defective design, construction or condition** of the floor, devoid of a non-slip surface . . . ."  *Id.* at 367 (emphasis added).

Appellees contend that "the water [Appellant] slipped on is not a condition that derives, originates from or has as its source the prison ramp itself."  (Appellees'

Br. at 13.)  However, this statement does not fully capture Appellant's argument, which focuses on the lack of adequate maintenance of the slip-resistant feature of the ramp, not simply the presence of water.  It is, of course, true that the water on the ramp could be a concurrent cause of the injury.  But, as discussed above, a concurrent cause in addition to the dangerous condition created by the Commonwealth real estate does not foreclose Appellant's ability to invoke the real estate exception.  *See Wise*, 243 A.3d at 519 (existing concurrent cause "not fatal" to a claim under the real estate exception).

Finally, we disagree with Appellees that "[Appellant]'s allegation that the ramp was lacking in slip[-]resistant material . . . is merely an 'absence of a condition, like the absence of lighting or absence of a guardrail . . . .'" (Appellees' Br. at 13 (quoting *Wise*, 249 A.3d at 518).)  First, Appellant does not allege that Appellees failed to install any slip-resistant material, but rather, that they did install it and failed to adequately maintain it.  (Compl. ¶¶ 12-14.)  Moreover, *Shedrick v. William Penn School District*, relied upon by Appellees, is meaningfully distinguishable, as there, "the trial court found **nothing** was offered to either prove or infer that a terrazzo floor is inherently dangerous or slippery."  654 A.2d 163, 165 (Pa. Cmwlth. 1995) (emphasis added).  *Shedrick* is more like *Raker*—finding an otherwise inherently undefective, wet floor is not a dangerous condition **of** the Commonwealth real estate—than *Bradley*, where we reasoned that a negligently designed slippery floor in a drying-off room is inherently defective.

Nor does *Nardella v. Southeastern Pennsylvania Transportation Authority*, 34 A.3d 300 (Pa. Cmwlth. 2011), also relied upon by Appellees, compel a different result.  There, the plaintiff did not point to an inherent defect in the train platform on which she slipped, but rather to the transportation authority's failure to apply ice

7

melt. We were careful to explain that while, in one sense, failure to apply ice melt could be thought of as "maintenance" of Commonwealth real estate, improper maintenance sufficient to trigger the real estate exception "result[s] in a defect **in the real property itself**." *Id.* at 304 (emphasis added). Failure to apply ice melt to an otherwise safe sidewalk, which creates no defect in the real property itself, is distinguishable from Appellant's allegations, which allege failure to maintain the ramp resulting in a defect in the real property itself.

In sum, Appellant alleges that Appellees failed to maintain a non-slip surface on a metal ramp, causing his injury. Because Appellant has adequately alleged an injury caused by "[a] dangerous condition **of** Commonwealth agency real estate[,]" common pleas erred in sustaining Appellees' demurrer on the basis of sovereign immunity. 42 Pa.C.S. § 8522(b)(4) (emphasis added). However, to the extent Appellant's Complaint can be read to assert a cause of action solely based on Appellees' negligence unconnected to negligent maintenance of the ramp, we affirm.

## IV. CONCLUSION

For all the foregoing reasons, common pleas erred in finding the real estate exception inapplicable here. We affirm to the extent Appellant's Complaint alleges **solely** that the presence of the water or failure of Appellees to warn caused his injury and reverse in all other respects. On remand, common pleas shall consider any outstanding preliminary objections.

_____

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alphonse John Pritchard,           :
                   Appellant       :
                                :
           v.                  :    No. 49 C.D. 2022
                                :
James Meintel, et al.             :

# **O R D E R**

**NOW**, January 10, 2024, the Order of the Court of Common Pleas of Montgomery County, entered in the above-captioned matter, is hereby **AFFIRMED IN PART** and **REVERSED IN PART,** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** President Judge