710 A.2d 141 (1998)
BUILDING INDUSTRY ASSOCIATION OF LANCASTER COUNTY, Appellant,
v.
MANHEIM TOWNSHIP.
BUILDING INDUSTRY ASSOCIATION OF LANCASTER COUNTY
v.
MANHEIM TOWNSHIP, Appellant.
Commonwealth Court of Pennsylvania.
Argued September 13, 1996.
Decided April 14, 1998.
*142 Loudon L. Campbell, Harrisburg, for appellant.
William C. Crosswell, Lancaster, for appellee.
Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.
DOYLE, Judge.
The Building Industry Association of Lancaster County (BIA) appeals from an order of the Court of Common Pleas of Lancaster County, dismissing BIA's declaratory judgment action, challenging an ordinance of Manheim Township which imposed an impact fee on developers. Manheim Township cross appeals from the order, challenging dicta in the common pleas opinion indicating that, if BIA had standing to bring its claim, common pleas would be inclined to rule in its favor.
*143 On December 9, 1991, Manheim Township enacted an impact fee ordinance (Ordinance)[1] in accordance with the enabling section of the Pennsylvania Municipalities Planning Code (MPC).[2] The Ordinance requires developers to pay a tax, based in part, on the amount of vehicular traffic a proposed development would generate.
On October 14, 1993, BIA filed a complaint against Manheim Township under the Declaratory Judgments Act[3] seeking an order declaring that the Ordinance violates the MPC, as well as an order requiring a refund of all impact fees collected under the Ordinance. BIA's complaint in Common Pleas made the following averments relating to its standing to represent its members:
1. Plaintiff Building Industry Association of Lancaster County is a Pennsylvania non-profit corporation with offices at 1794 Oregon Pike, Lancaster, Pennsylvania 17601.
2. Plaintiff is a trade association whose members include building contractors and real estate developers who do business throughout Lancaster County, including members who own real estate, develop land and build residential, commercial and industrial buildings in Manheim Township.
3. Members of Plaintiff are subject to the Manheim Township Impact Fee Ordinance and will be required to pay fees thereunder, have had fees calculated thereunder, and have paid fees thereunder.
(Complaint at 1; Reproduced Record (R.R) at 4a.) (Emphasis added.)
The complaint contained six legal issues upon which BIA's demands were based:
44. The Manheim Township Impact Fee Ordinance, 1991-24, as amended, is invalid in that:
A. The Land Use Assumptions were illegally modified by defendant by including growth which previously occurred, rather than limiting it to projected future growth as required by section 504-A(c) of Act 209, 53 P.S. § 10504-A(c).
B. The Roadway Sufficiency Analysis was not adopted by defendant by resolution as required by section 504-A(d)(2), 53 P.S. § 10504-A(d)(2), prior to the enactment of the Manheim Township Impact Fee Ordinance.
C. The Roadway Sufficiency Analysis and the calculation of impact fees fails to include the effect of `pass-through traffic' as defined in section 502-A of Act 209, 53 P.S. § 10502-A.
D. The impact fee is calculated by including costs for improvements to state highways in excess of the amounts which can legally be spent on such projects pursuant to section 504-A(e)(2) of Act 209, 53 P.S. § 10504-A(e)(2).
E. Ordinance 1991-24 is invalid to the extent it imposes or imposed impact fees on projects for which plats were submitted for preliminary or tentative approval prior to December 9, 1991, the effective date of the ordinance.
45. The defendant's application of the impact fee ordinance is illegal and invalid in that it requires that the impact fee per peak-hour trip generated by new development be multiplied by the number of average daily trips generated by new development in violation of section 505-A of Act 209, 53 P.S. § 10505-A.
(Complaint at 7-8; R.R. at 10a-11a.) The Township answered paragraphs two and three of the Complaint as follows:
2. Admitted on information and belief that Plaintiff is a trade association whose members include building contractors and *144 real estate developers. Manheim Township does not know the identities of the members of Plaintiff Association and, therefore, denies the allegations of doing business in Lancaster County and Manheim Township.
3. Denied for the reasons set forth in answer to paragraph two.
(Township's Answer at 1; R.R. at 79a.) (Emphasis added.)
The Township further asserted in New Matter that: (1) BIA lacked standing to challenge the ordinance because it had not paid any tax itself and was, therefore, not a real party of interest, (2) BIA failed to exhaust its administrative remedies by appealing any assessments to the Township Commissioners, and (3) the statute of limitations had expired as to both a challenge to the procedure by which the ordinance was enacted and any challenge to the amount of any assessment.
After the pleadings were closed, the parties filed cross-motions for summary judgment and submitted supporting affidavits in support of their motions. Common Pleas granted Manheim Township's cross motion for summary judgment concluding that: (1) the defense of laches barred the portion of BIA's challenge to the ordinance seeking a refund of monies already paid; and (2) BIA lacked standing to challenge the legality of the ordinance because BIA was a non-profit organization that had not itself paid any impact fees and, therefore, did not suffer any direct, immediate and substantial injury. Notwithstanding these determinations, Common Pleas went on to opine that if BIA did have standing, it might be able to prevail in seeking a refund of the impact fees. This appeal followed.
Our appellate review of an order granting summary judgment is limited to a determination of whether the trial court committed an error of law or abused its discretion. Rothermel v. Department of Transportation, 672 A.2d 837 (Pa.Cmwlth.1996). Of course, summary judgment may only be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035(b). Therefore, we must view the record in a light most favorable to the non-moving party, in this case BIA, accepting as true all well-pled facts and inferences to be drawn from those facts. Rothermel.
We first address the issue of BIA's standing to challenge the validity of the ordinance. In a cursory manner, Common Pleas concluded that, because BIA had not paid any impact fees under the ordinance, BIA lacked standing to challenge the ordinance. Although it is certain that BIA did not pay any impact fees under the ordinance, we disagree with the notion that that fact alone is dispositive on the issue of standing because it ignores the concept of organizational standing. BIA's standing as an organization to challenge the ordinance requires a showing that its members have standing individually to challenge the ordinance. In essence, BIA must establish that at least one of its members has or will suffer a direct, immediate or substantial injury as a consequence of the challenged action. National Solid Wastes Management Association v. Casey, 135 Pa.Cmwlth. 134, 580 A.2d 893 (1990). Therefore, we must examine the standing of BIA's individual members.
The basic standing requirement is aggrievement. Although the term "aggrieved party" is not defined in the rules of civil procedure, we have required a party seeking relief before a court to demonstrate that he has suffered harm and that the relief sought is related to the harm suffered. This Court has stated that:
One who seeks to challenge governmental action such as the validity of a statute or ordinance must show a direct and substantial interest and must show a sufficiently close causal connection between the challenged action and the injury.
Drummond v. University of Pennsylvania, 651 A.2d 572, 577 n. 4 (Pa.Cmwlth.1994), petition for allowance of appeal denied, 541 Pa. 628, 661 A.2d 875 (1995). Furthermore, *145 the harm or injury complained of must be direct, immediate, and substantial. William Penn Parking Garage v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (1975). Harm or injury is direct if it would result from the challenged action. South Whitehall Township Police Service v. South Whitehall Township, 521 Pa. 82, 555 A.2d 793 (1989). Harm is immediate if there is a close nexus between the harm or injury and the challenged action. Id. Harm is substantial if its effect on the party challenging the action is greater that its effect on the public at large. Id.
The present case involves a challenge to impact fees, which are defined by the MPC as:
a charge or fee imposed by a municipality against new development in order to generate revenue for funding the costs of transportation capital improvements necessitated by and attributable to new development.
53 P.S. § 10502-A. Thus, an impact fee is a government charge or fee used to generate revenue; it is, therefore, a tax. The standing of a taxpayer to challenge a municipal tax is distinct from standing in other areas because taxpayers fall into a special class of parties that may have standing, even where their interests are arguably not substantial, direct, and immediate. Application of Biester, 487 Pa. 438, 409 A.2d 848 (1979). In Biester our Supreme Court stated as follows:
`[A]lthough many reasons have been advanced for granting standing to taxpayers, the fundamental reason for granting standing is simply that otherwise a large body of governmental activity would be unchallenged in the courts.'
Biester, 487 Pa. at 445, 409 A.2d at 852 (quoting Faden v. Philadelphia Housing Authority, 424 Pa. 273, 278, 227 A.2d 619, 621-22 (1967)). Thus, as taxpayers, the constituent members of BIA fall into the special class outlined in Biester. As such, they have standing to challenge the validity of the ordinance, and, as a result, BIA also has standing as an Association to challenge the validity of the ordinance as well.
Moreover, BIA has averred that builders and developers that are members of BIA have paid impact fees as a result of assessments made by the Township pursuant to the Ordinance. Because BIA has made an averment of cause and effect, which for purposes of summary judgment, we must accept as true, BIA has met the direct injury requirement set forth in William Penn Parking.
The impact fees assessed pursuant to the Ordinance are paid directly by developers and builders, some of who are members of BIA. BIA has averred a close nexus between the harm suffered by its members and the challenged action. Accepting this as true, the relationship between the harm and the challenged Ordinance meets the immediacy requirement set forth in William Penn Parking.
Also, BIA has averred that it represents builders and developers that do business within Manheim Township. Because the burden imposed under the Ordinance falls primarily on builders and developers, some of who are members of BIA, the harm suffered by BIA members surpasses that of the public in general. Therefore, BIA also meets the substantial injury requirement set forth in William Penn Parking. Having determined that the harm suffered by BIA members meets the direct, immediate, and substantial requirements of standing, as well as falling into the special class outlined in Biester, we conclude that the individual members of BIA are aggrieved and, therefore, have standing to challenge the Ordinance. Accordingly, BIA also has standing as an organization, and Common Pleas committed an error of law when it reached an opposite conclusion.
We next examine whether BIA has standing to seek a refund of impact fees already paid by its members. At the outset, it is clear that BIA as an organization was not required to pay any monies to Manheim Township. Thus, as with the challenge to the validity of the ordinance, any standing that BIA has would be organizational standing by virtue of its relationship to its members. *146 However, in Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), the United Supreme Court noted:
in the circumstances of this case, the damages claims are not common to the entire membership, nor shared by all in equal degree. To the contrary, whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof. Thus, to obtain relief in damages, each member of Home Builders who claims injury as a result of respondents' practices must be a party to the suit, and Home Builders has no standing to claim damages on his behalf.
422 U.S. at 515-16, 95 S.Ct. at 2214. Similarly in the present case, BIA's members have suffered individualized damages that are not shared in amount by all of its members. Therefore, each member would need to offer proof as to the amount of injury suffered by that particular member. As a result, each individual member needed to seek a refund of the impact fee, and BIA had no standing as an organization to do so on behalf of any of its members.
Further support for this conclusion can be found in this Court's opinion in National Solid Wastes Management Association v. Casey. In that case, then-Governor Casey issued an executive order which effectively placed a moratorium on resource recovery facility permits. The association sought a declaratory judgement that the Governor's order constituted an unconstitutional commingling of the executive and legislative branches, as well as a mandamus to compel the Department of Environmental Resources to comply with the resource recovery facility application process. Both the Governor and the Department of Environmental Resources filed preliminary objections alleging in part that the association lacked standing to seek the requested relief.
We concluded that, although the association had standing to seek a declaratory judgement on behalf of its members, it did not have standing to seek mandamus on behalf of its individual members, that is, to receive an order directing a particular permit to be issued. The critical distinction made by the Court was that mandamus is limited to compelling a public official to perform a non-discretionary act in relation to a specific event. Conversely, declaratory relief may encompass a series of events or a group of people. Therefore, the Association had pled sufficient harm to its members as a group for purposes of declaratory judgment, but did not have standing to seek mandamus because each of its members suffered individualized harm.
Similarly, in this case, the harm alleged to BIA's members is sufficient to establish its standing to seek declaratory relief, but because each member was not harmed to the same extent by the Ordinance, individualized proof would be necessary and, thus, BIA does not have standing to seek refunds on behalf of its members. For the above reasons, we conclude that Common Pleas correctly decided the standing issue as it relates to the refund of impact fees already paid. We note, however, that BIA's lack of standing to seek a refund does not extinguish any entitlement to declaratory relief that BIA may have. Section 7532 of the Judicial Code, 42 Pa.C.S. § 7532. Because we conclude that BIA lacks standing to seek refunds on behalf of its members, we need not consider whether BIA is time barred from seeking this relief.
Although we reverse Common Pleas on the issue of standing to challenge the validity of the ordinance, Common Pleas also granted summary judgment for the Township based on laches and statute of limitations. The equitable doctrine of laches bars an action when one party is guilty of want of due diligence which results in prejudice to another. Sprague v. Casey, 520 Pa. 38, 550 A.2d 184 (1988). To successfully assert the affirmative defense of laches, a party must demonstrate: (1) a delay arising from the petitioner's failure to exercise due diligence; and (2) prejudice to the respondent resulting from the delay. Faculty *147 Members v. Scanlon, 502 Pa. 275, 466 A.2d 103 (1983). As the party seeking to assert the defense of laches, the Township had the burden to show both undue delay and prejudice. Weinberg v. State Board of Examiners of Public Accountants, 509 Pa. 143, 501 A.2d 239 (1985). Clearly, the delay of 22 months from the time that BIA must have known of the enactment of the ordinance to the time it filed its complaint was an undue delay. However, as we noted above, undue delay is merely one of the two prongs that a party must satisfy. The party seeking to assert laches must also prove that it has been prejudiced by the delay. As the Supreme Court noted:
The application of the equitable doctrine of laches does not depend upon the fact that a definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice.... The prejudice required is established where, for example, witnesses die or become unavailable, records are lost or destroyed, and changes in position occur due to the anticipation that a party will not pursue a particular claim.
Class of Two Hundred Administrative Faculty Members v. Scanlon, 502 Pa. 275, 279, 466 A.2d 103, 105 (1983) (citations omitted).
It is clear that, as to any challenge to the Ordinance, the Township did not allege any change in position that it undertook as the result of BIA's delay in filing its complaint. Accordingly, because the Township did not demonstrate any prejudice as a result of the 22-month delay, we conclude that Common Pleas committed an error of law when it dismissed BIA's complaint based on laches.
Although Common Pleas incorrectly dismissed BIA's complaint based in part on the doctrine of laches, it also did so based on statute-of-limitations grounds. Actions to challenge the method by which a municipal ordinance such as this one has been enacted must be filed within 30 days after the enactment of the ordinance. Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5). BIA did not file the present action until 22 months after the enactment of the ordinance. Accordingly, BIA's allegation of illegal modification of the land use assumptions contained in paragraph 44(A) of the complaint, as well as the allegation that the Township failed to adopt a Roadway Sufficiency Analysis prior to enacting the ordinance, alleged in paragraph 44(B), are time barred because they were not brought within the 30-day period following the enactment of the ordinance. Commonwealth v. Creighton, 163 Pa. Cmwlth. 68, 639 A.2d 1296 (1994). However, the remainder of BIA's allegations pertaining to the validity and application of the ordinance under the General Assembly's enabling statute are not otherwise time barred, and we remand the case to Common Pleas for a hearing on those issues.
Next, we examine the Township's cross appeal from the dicta in the opinion of Common Pleas that, if BIA had standing, portions of its claim would be viewed as having substance. The Township asserts that, although Common Pleas granted its motion for summary judgment, it nonetheless is an aggrieved party for appellate purposes and can appeal from the court's decision because Common Pleas addressed the merits of the case after concluding that BIA lacked standing and its cause of action was barred by laches. At the outset, we note that, when Common Pleas determined that BIA lacked standing and the case was time barred, it no longer possessed jurisdiction over the case to address any of the merits. However, the Township argues that it has been aggrieved by the dicta in the opinion of the Common Pleas Court. In Mahanoy School District v. Budwash, 146 Pa.Cmwlth. 72, 604 A.2d 1156 (1192), this Court stated:
Generally only an `aggrieved' party has standing to appeal. Pa. R.A.P. 501. Where a party is successful in the trial court, that party is not aggrieved and, therefore, has no standing to appeal.... We have specifically stated that `[m]ere disagreement with the ... legal reasoning *148 [of the tribunal whose order is being reviewed]... does not confer standing [to appeal]'....
Mahanoy, 604 A.2d at 1159 (citations omitted). In the present case, it is clear that Manheim Township merely disagreed with the "opinion" of the Common Pleas Court regarding the merits of BIA's complaint. Therefore, we hold that Manheim Township was not "aggrieved" for purposes of appellate review and accordingly dismiss the Township's cross-appeal in this case.
In sum, we affirm Common Pleas' opinion insofar as it concludes that BIA lacked standing to seek a refund of fees paid by its members. In addition, Common Pleas correctly concluded that BIA's challenge to the procedural enactment of the ordinance was time barred. However, we reverse its opinion as to the issues of laches and standing to challenge the validity of the Ordinance and remand the case for further proceedings on the issue of the validity and application of the Ordinance under the General Assembly's enabling statute. The Township's cross-appeal is dismissed.

ORDER
AND NOW, April 14, 1998, the order of the Court of Common Pleas of Lancaster County is affirmed in part and reversed and remanded in part. It is further ordered that the cross-appeal of Manheim Township is hereby dismissed.
Jurisdiction relinquished.
NOTES
[1] No. 1991-24, December 9, 1991.
[2] Article V-A of the Pennsylvania Municipalities Planning Code (MPC), Act of December 19, 1990, P.L. 1343, No. 209, 53 P.S. § 10501-A., commonly referred to as "Act 209."
[3] Sections 7531-7541 of the Judicial Code, 42 Pa.C.S. §§ 7531-7541.