IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert DeShields,                  :
               Appellant        :
                              :
         v.                     :
                              :
Pennsylvania Department     :    No. 784 C.D. 2016
of Corrections                :    Submitted: March 17, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                 FILED: September 27, 2017


Robert DeShields (Appellant) appeals, *pro se*, from an order of the Court of Common Pleas of Greene County (trial court) granting a Motion for Summary Judgment filed by the Department of Corrections (Department). Upon review, we vacate and remand.

Appellant is presently incarcerated at the State Correctional Institution at Greene (SCI-Greene). He filed a civil action with the trial court alleging injuries sustained when he slipped and fell while taking a shower. In his complaint, Appellant alleges his fall was the result of a "defective design, construction, and/or condition of the tile shower floor," and that his claim falls within the real property exception to sovereign immunity as set forth in Section 8522(b)(4) of the Judicial

Code.[1]  (Certified Record (C.R.), Item 35, Civil Action Complaint at 2.)  The Department filed an Answer and New Matter denying the shower units were defective or the Department was negligent in the installation or maintenance of the showers.  (C.R., Item 34, Department's Answer and New Matter at 3.)  The defense of sovereign immunity was raised. *Id.* at 5.

The Department filed a motion for summary judgment on grounds that Appellant's claims were barred by sovereign immunity.  (C.R., Item 24.)  In response, Appellant reiterated the argument that his claims fell within the real property exception to sovereign immunity. *Id.*, Item 21.  By order dated April 12, 2016, the trial court granted the Department's motion and dismissed Appellant's claims. *Id.,* Item 20.  This appeal followed.[2]

## DISCUSSION

Appellant argues his cause of action falls within the real property exception to sovereign immunity as his injuries were caused directly by the Department's shower facilities, and the dangerous shower conditions caused by negligent design are not excused by the Department's policy.

By way of response, the Department references this Court's recent decision in *Brewington v. City of Philadelphia*, 149 A.3d 901 (Pa. Cmwlth. 2016).

---

[1] 42 Pa.C.S. § 8522(b)(4).

[2] Our appellate review of an order granting summary judgment is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Building Industry Association of Lancaster County v. Manheim Township*, 710 A.2d 141 (Pa. Cmwlth. 1998).  Summary judgment may only be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*  Therefore, we must view the record in a light most favorable to the non-moving party and accept as true all well-pled facts and inferences to be drawn therefrom. *Id.*

2

In *Brewington*, this Court reaffirmed its prior decision in *Singer v. School District of Philadelphia*, 513 A.2d 1108 (Pa. Cmwlth. 1986), where the real property exception to sovereign immunity was interpreted as imposing liability for negligence which makes government-owned real property unsafe for activities for which it is regularly used, intended to be used, or reasonably foreseen to be used. The *Brewington* Court explained that, "where a complaint includes specific allegations that a plaintiff's injuries resulted from negligence in the defendant's care, custody, or control of real property," existent case law does not preclude a determination that the real property exception applies. *Id.* at 910-911. In its brief, the Department concedes, based on the decision in *Brewington*, that the decision of the trial court can no longer be supported. The Department further cites *Bradley v. Franklin County Prison*, 674 A.2d 363 (Pa. Cmwlth. 1996), relied upon by this Court in the *Brewington* decision, as factually similar to the case *sub judice*.

In *Bradley*, an inmate of the Franklin County Prison slipped and fell on wet tile while drying off in the prison showers. The inmate filed suit, alleging the defendants were negligent in installing a tile floor without a non-slip surface. This Court considered that the prison "provided the shower facilities where running water was a necessary and inextricable part of the design..." *Bradley*, 674 A.2d at 366. The prison constructed the shower and area in which prisoners dried off, "knowing and intending that water would necessarily accumulate on the floor where bare feet must tread." *Id.* Ultimately, the inmate's allegation that his injury was caused by the defective design, construction, or condition of the floor, which was devoid of a non-slip surface, fell within the real property exception to governmental immunity.

3

We concur with the Department and Appellant. The real property exception will apply where the real property is in the possession and control of the governmental agency and the injury was caused by negligence related to the care, custody or control of that real property. *Brewington*, 149 A.3d at 907-908. Here, Appellant alleges his injuries were caused by a defective design of the real property itself, which was in the custody and control of the Department. Based on our prior decisions in *Brewington* and *Bradley*, the real estate exception to sovereign immunity applies. The question of whether the Department's negligence caused Appellant's injuries is one of fact to be decided by a factfinder and the trial court erred by granting the Department's motion for summary judgment.

For these reasons, the April 12, 2016 order of the trial court is vacated and this matter remanded for further proceedings consistent with this opinion.


_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert DeShields, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Department | : | No. 784 C.D. 2016 |
| of Corrections | : | |

## O R D E R

AND NOW, this 27th day of September, 2017, the April 12, 2016 order of the Court of Common Pleas of Greene County is vacated and this case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge