IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 1457 C.D. 2022 |
| | : | Submitted: June 6, 2024 |
| James Leverett and Valerie Leverett | : | |
| and Loretta Leverett | : | |
| | : | |
| Appeal of: Loretta Leverett | : | |


BEFORE:　　HONORABLE CHRISTINE FIZZANO CANNON, Judge
　　　　　　HONORABLE LORI A. DUMAS, Judge
　　　　　　HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE DUMAS　　　　　　　　　　　　　　FILED:　September 5, 2024


Loretta Leverett (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas (trial court), which denied her petition for the distribution of excess proceeds following a 2012 tax sale. Additionally, the City of Philadelphia (City) has filed an application to quash the appeal. After careful consideration, we deny the City's application to quash the appeal and affirm the order of the trial court.

## I. BACKGROUND

James Leverett and Valerie Leverett (collectively, the Leveretts) owned property located at 1501 N. 29th Street in Philadelphia (Property). In 2012, the City filed an amended tax claim against the Property, seeking a rule to show cause why the Property should not be sold free and clear of all liens and encumbrances due to unpaid taxes. *See* Am. Tax Claim, 7/2/12. The petition included a tax information

certificate (TIC) listing the Leveretts as the registered owners of the Property, as well as information listing other liens and claims against the Property. *See id.* The outstanding amounts included $19,888.19 in unpaid real estate taxes, a 2004 judgment in favor of the City for $131,215.09, and a 2006 judgment in favor of the City for $5,074.00. *See id.*

On July 24, 2012, the trial court entered a rule returnable for a hearing. Following a hearing, the trial court entered a decree ordering that the Property be sold at a sheriff's sale. *See* Decree, 10/19/12. The Property was sold at sheriff's sale on November 21, 2012, for $91,000.00.[1] *See* Pet. for Distrib., 8/25/22, ¶ 6. No one challenged the sale. James Leverett passed away in 2016. *See* Notes of Testimony (N.T.), 12/12/22, at 9, 14.[2]

On August 25, 2022, Appellant filed a petition to intervene, averring that she was the surviving spouse of James Leverett and, accordingly, an interested party. *See* Pet. to Intervene, 8/25/22, ¶ 4; *see also* Pet. for Distrib., ¶ 7. Appellant also filed a petition seeking the distribution of $75,000.00 in excess funds allegedly remaining from the sale of the Property. *See* Pet. for Distrib., Wherefore clause.[3]

The trial court granted Appellant's petition to intervene without a hearing.[4] *See* Trial Ct. Order, 9/14/22. Thereafter, the trial court convened an

---

[1] The record contains limited information regarding the sale of the Property and, insofar as the record reflects, no one petitioned to set aside the sale or otherwise challenged the decree. Appellant's petition for distribution contains a copy of the deed of the Property, attached as Exhibit B, which indicates that the Property was sold at sheriff's sale on November 21, 2012, and deeded to the buyer, Paulino Rodriquez, on January 28, 2013. *See* Pet. for Distrib., 8/25/22, at Ex. B.

[2] Appellant also testified that Valerie and James Leverett were divorced in 1985 and suggested that Valerie Leverett predeceased James Leverett. *See* N.T. at 9-13. However, Appellant was unsure when Valerie Leverett passed away. *See id.*

[3] Alternatively, Appellant demanded that the Sheriff provide a schedule of distribution. *Id.*

[4] The City did not oppose the petition to intervene. Generally, however, a hearing is required before granting or denying a petition to intervene. *See Chairge v. Exeter Borough Zoning Hr'g*

2

evidentiary hearing at which Appellant and James Pollard, the grandson of Appellant and James Leverett, testified. *See* N.T. at 1-42. The testimony revealed that Appellant was never an owner of the Property, nor did Appellant demonstrate a pecuniary interest in its sale. *See generally* N.T. Following the evidentiary hearing, the trial court denied Appellant's petition for distribution. *See* Trial Ct. Order, 12/12/22. In a subsequent opinion, the trial court reasoned that Appellant was not aggrieved by the sale of the Property and, therefore, lacked standing to petition the court for the distribution of any excess proceeds related to the sale of the Property. *See* Trial Ct. Op., 7/25/23, at 8-11.[5]

Appellant timely appealed to this Court. During the pendency of this appeal, the City purportedly discovered a title insurance policy that includes a proposed schedule of distribution that was prepared and made available for inspection in October 2014. *See* Appl. to Quash at 2-4, Ex. A. The City then filed an application to quash the appeal, asserting mootness and lack of standing.

## II. ISSUES

Appellant raises three issues on appeal. First, Appellant contends that the trial court erred in holding that she lacked standing to file the petition for

---

*Bd.*, 616 A.2d 1057, 1060 (Pa. Cmwlth. 1992); Pa.R.Civ.P. 2329 ("Upon the filing of the petition and *after hearing*, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention . . . .") (emphasis added).

[5] The trial court further reasoned that Appellant's petition was untimely and without discernible merit. *See* Trial Ct. Op., 7/25/23, at 11-13. We acknowledge that Appellant has argued to this Court that her petition was not untimely because the Sheriff never filed its proposed schedule of distribution in the prothonotary's office as presently required by Pa.R.Civ.P. 3136 and, therefore, Appellant incurred no duty to challenge the proposed schedule. *See* Appellant's Br. at 11-12. We need not address this claim in detail but note its flaw. At the time of the Sheriff's sale in 2012, Pa.R.Civ.P. 3136 required only that "the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be kept on file and shall be available for inspection in the sheriff's office." Pa.R.Civ.P. 3136(a) (effective July 1, 1999, until July 1, 2015).

distribution. *See* Appellant's Br. at 3-4. Second, Appellant contends that the trial court erred in finding that her petition was untimely filed. *See* Appellant's Br. at 4. Finally, Appellant contends that the trial court erred in finding that she had waived her opportunity to seek a distribution of the proceeds of a sheriff's sale. *See id.*

### III. DISCUSSION[6]

### A. Application to Quash[7]

Prior to discussing the merits of this appeal, we consider the City's assertions that we should dismiss for mootness and lack of standing. *See* Appl. to Quash at 1.

### 1. The City's Claim of Mootness Lacks Evidentiary Support

The City asserts that this appeal is moot. *See* Appl. to Quash at 2-4. According to the City, the proposed schedule of distribution indicates that excess proceeds from the Sheriff's sale of the Property were distributed to the City to partially pay outstanding judgments against the Leveretts.[8] *See id.* at 3. Thus, the

---

[6] In tax sale cases, our review is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law. *Nguyen v. Delaware Cnty. Tax Claim Bureau*, 244 A.3d 96, 101 n.3 (Pa. Cmwlth. 2020) "Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." *Johnson v. Am. Standard*, 8 A.3d 318, 326 (Pa. 2010).

[7] Our Supreme Court has instructed that quashal is generally limited to jurisdictional defects in an appeal. *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001). When a matter becomes moot during the pendency of an appeal, a party may file an application to dismiss. Pa.R.A.P. 1927(a)(4); *see, e.g.*, *Dynamic Student Servs. v. State Sys. of Higher Educ.*, 697 A.2d 239 (Pa. 1997). Additionally, in Pennsylvania, standing is not a jurisdictional matter. *See, e.g.*, *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 403 (Pa. 2021); *In re Nomination Pet. of DeYoung*, 903 A.2d 1164, 1168 (Pa. 2006). Thus, we will consider the City's application to quash a request that we dismiss this appeal.

[8] Noting the absence of any objections to the proposed distribution of proceeds, and referencing Pennsylvania Rule of Civil Procedure 3136, the City observes that the Sheriff is required to distribute proceeds to creditors within 10 days. *See id.* at 3; Pa.R.Civ.P. 3136(d).

City concludes, proceeds from the sale were exhausted, no relief is available to Appellant, and this Court should dismiss her appeal. *See id.* at 6.

In response, Appellant argues that we should not consider this new evidence because it is not part of the original record created before the trial court. *See* Answer to Appl. to Quash, at 1-5 (unpaginated). Moreover, according to Appellant, the document attached to the City's application is inadmissible hearsay, lacks authentication, and fails to establish that the City distributed excess funds from the sale. *See id.*

Courts will not decide moot questions or enter judgments to which no effect can be given. *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599 (Pa. 2002). Thus, if it becomes clear during litigation that facts or legal circumstances have changed, and relief is no longer available, this Court will dismiss an appeal. *See, e.g.*, *Graves v. Pa. Parole Bd.* (Pa. Cmwlth., No. 823 C.D. 2022, filed Jan. 9, 2024), 2024 WL 93316, slip copy at *1 (dismissing an appeal by parole violator who was no longer incarcerated); *In re World Commc'ns Charter Sch.* (Pa. Cmwlth., No. 1374 C.D. 2021, filed Nov. 17, 2023), 2023 WL 7985529, slip copy at *1 (dismissing an appeal on the basis that charter school assets had already been distributed as ordered by the orphans' court).[9]

The City's claim of mootness is premised on the Sheriff's recent discovery of the proposed schedule of distribution. *See* Appl. to Quash at 2-4, Ex. A. However, the trial court has not considered this evidence. The record on appeal consists of "[t]he original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared

---

[9] We may cite to unreported decisions of this Court issued after January 15, 2008, as persuasive authority. 210 Pa. Code § 69.414(a).

by the clerk of the lower court[.]" Pa.R.A.P. 1921. It is well settled that "an appellate court may consider only the facts which have been duly certified in the record on appeal." *HYK Constr. Co. v. Smithfield Twp.*, 8 A.3d 1009, 1017 (Pa. Cmwlth. 2010) (citing *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974)); *see, e.g.*, *Hempfling v. Unemployment Comp. Bd. of Rev.*, 850 A.2d 773, 777 (Pa. Cmwlth. 2004) (declining to consider a document attached to a claimant's appellate brief).

We decline to consider the City's newly discovered evidence as it was not in the original record transmitted to this Court. *HYK Constr. Co.*, 8 A.3d at 1017. Additionally, Appellant disputes the admissibility and probative value of this document, issues more properly resolved by the trial court in the first instance.[10] Accordingly, we reject the City's claim of mootness. *Cf. Graves*; *In re World Commc'ns Charter Sch.*

In the alternative, the City requests that we remand the matter to the trial court for an evidentiary hearing. *See* Appl. to Quash at 6. However, in light of our ultimate disposition, we decline to do so.

### 2. Appellant was Aggrieved by the Trial Court's Order

The City also asserts that Appellant lacks standing to appeal because she failed to establish "legal entitlement" to any proceeds from the sheriff's sale of the Property. *Id.* at 4. According to the City, Appellant failed to establish an ownership interest in the Property, and any interest she may have would be derivative to James Leverett's interest (more properly, his estate's interest). *See id.*

---

[10] The City does not ask, but it would be inappropriate for this Court to take judicial notice of its attachment. A judicially noticed fact must not be subject to reasonable dispute, either because it is generally known or readily verifiable. *See HYK Constr. Co.*, 8 A.3d at 1017.

at 4-6. Thus, the City concludes, Appellant was not aggrieved by the trial court's order, and her appeal should be dismissed.[11] *See id.* at 6.

It is well settled that only an aggrieved party may appeal a trial court's decision. *In re Barnes Found.*, 871 A.2d 792, 794 (Pa. 2005); *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975) (*William Penn Parking*); *In re Elliott's Est.*, 131 A.2d 357, 358 (Pa. 1957); Pa.R.A.P. 501. To be "aggrieved," a party must have been adversely affected by the decision. *William Penn Parking*, 346 A.2d at 287-90 (concluding that parking operators had a direct, immediate, and substantial interest in challenging a parking tax levied on patrons); *cf. Bldg. Indus. Ass'n of Lancaster Cnty. v. Manheim Twp.*, 710 A.2d 141, 148-49 (Pa. Cmwlth. 1998) (*Manheim*) (dismissing a cross-appeal where litigant merely disagreed with dicta of trial court decision); *see* Pa.R.A.P. 501, Note ("Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party . . . ."). Generally, a prevailing party is not aggrieved. *Manheim*, 710 A.2d at 148-49.

In our view, the City has conflated distinct inquiries. Whether a petitioner has a sufficient interest in pursuing a judicial remedy is a separate question from whether that petitioner may challenge a decision denying that interest. *See Pa. Petroleum Ass'n v. Pa. Power & Light Co.*, 377 A.2d 1270, 1274 (Pa. Cmwlth. 1977) (*en banc*) (Bowman, P.J., concurring) (noting the "often ignored . . . distinction between standing to initiate or participate in a quasi-judicial or judicial proceeding and standing to seek judicial review or further judicial review").

Here, Appellant claimed that she was entitled to $75,000.00 of excess proceeds from the sheriff's sale of her deceased husband's Property. *See* Pet. for

---

[11] Appellant does not address these assertions. *See generally* Answer to Appl. to Quash.

7

Distrib. The trial court denied and dismissed her claim. *See* Trial Ct. Order, 12/12/22. Certainly, Appellant was aggrieved by the trial court's decision. *William Penn Parking*; *cf. Manheim*. Accordingly, we decline to dismiss this appeal for lack of standing.

## B. Appellant Lacked Standing to Seek Distribution of Proceeds

Nevertheless, on the distinct question of whether Appellant has standing to petition the trial court for the distribution of any excess proceeds from the sheriff's sale of the Property, we agree with the trial court. Standing to pursue a judicial remedy is a threshold issue in which a petitioner must establish a legally sufficient interest. *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005) (*Palisades Park*). A person can establish a legally sufficient interest in a matter if she can establish "a substantial, direct, and immediate interest in the outcome of the litigation." *Nguyen v. Delaware Cnty. Tax Claim Bureau*, 244 A.3d 96, 101 (Pa. Cmwlth. 2020). A substantial interest is one that "surpasses the common interest of all citizens in procuring obedience to the law," while a direct interest "mandates a showing that the matter complained of caused harm" to the litigant's interest. *See id.* Finally, an interest is immediate if "the causal connection is not remote or speculative." *See id.* In the context of tax sales, "persons who are not owners or lien creditors of the property at the time of the tax sale do not have standing to file objections or other exceptions." *Nguyen*, 244 A.3d at 102.

In this case, the Property was owned by the Leveretts, as husband and wife. *See* N.T. at 8. The Property was sold in 2012, several years before James Leverett's death. *See id.* at 14. Although Appellant has suggested that Valerie Leverett predeceased her husband, Appellant was unable to establish whether Valerie Leverett is indeed deceased. *See id.* at 9-13. Notably, the trial court

8

attributed "zero credib[ility]" to this testimony. Trial Ct. Op., 7/25/23, at 8. What is clear, however, is that Appellant was not an owner of the Property at any time. *See* N.T. at 7-8. These several facts militate against a legally sufficient interest for Appellant to proceed with this litigation. *See Nguyen*, 244 A.3d at 102.

Nevertheless, Appellant maintains that a petitioner may establish standing by statute, where the interests of the petitioner fall within the zone of interests protected by the statute. *See* Appellant's Br. at 14-16. According to Appellant, she established the requirements of statutory standing as the administrator of her husband's estate. *See id.* at 14-16 (citing the Probate, Estates and Fiduciaries Code[12]). Further, Appellant suggests that other factors help to establish her substantial, direct, and immediate interest in excess proceeds from the sale of the Property because she is an heir to her late husband's estate. *See id.* at 16-18 (citing 20 Pa.C.S. § 2102(4) and asserting a one-half interest in her deceased husband's estate).

Neither of these alternative premises is supported by evidence of record. On the morning of the evidentiary hearing in this matter, and more than six years after James Leverett's death, Appellant filed a petition in orphans' court, seeking letters of administration. N.T. at 5-7; Ex. D-1. However, there is no evidence that this petition was granted or that Appellant is the administrator of James Leverett's estate.

We note further that this petition identifies only Appellant as the decedent's heir. Ex. D-1. However, counsel for Appellant informed the trial court that the Leveretts had eight children. N.T. at 34. The petition does not identify these

---

[12] 20 Pa.C.S. §§ 101-8815. *See also, e.g.*, 20 Pa.C.S. § 3311(a) (providing that "[a] personal representative [of the estate] shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent . . . .").

9

children as potential heirs. *See* Ex. D-1. Even assuming that Valerie Leverett has passed away, Appellant has offered no proof that the Leveretts died intestate, such as would trigger her one-half interest in James Leverett's estate. Regardless of the status of the estate and any potential heirs, we note also that Appellant filed her petition for distribution in her individual capacity and not as an administrator of James Leverett's estate. *See* Pet. for Distrib.; N.T. at 4.

Finally, we acknowledge that Appellant suggests that, in granting her intervenor status, the trial court implicitly determined her standing to proceed with this litigation. *See* Appellant's Br. at 19. We disagree. Rather, we view the trial court's initial decision to grant Appellant intervenor status as preliminary and subject to further review based on the facts presented at the subsequent evidentiary hearing.

For all these reasons, we agree with the trial court that Appellant failed to establish a legally sufficient interest in any excess proceeds from the sheriff's sale of the Property and, therefore, lacks standing to proceed with this litigation. *See Johnson*, 8 A.3d at 326; *Palisades Park*, 888 A.2d at 659; *Nguyen*, 244 A.3d at 101.

## IV. CONCLUSION

The City has claimed that this appeal is moot but lacks evidence of record that would support this claim. *See HYK Constr. Co.*, 8 A.3d at 1017. The City further seeks to dismiss this appeal for lack of standing, but Appellant was clearly aggrieved by the trial court's decision to deny and dismiss her petition for distribution. *See William Penn Parking*, 346 A.2d at 287-90. In recognizing Appellant's standing to appeal the trial court's decision, we note an often-overlooked distinction between a litigant's sufficient interest in appealing an adverse decision from the lack of sufficient interest in commencing the litigation. *See Pa. Petroleum*

10

*Ass'n*, 377 A.2d at 1274. On the merits, however, Appellant failed to establish a legally sufficient interest in any proceeds from the sheriff's sale of the Property. *See Johnson*, 8 A.3d at 326; *Palisades Park*, 888 A.2d at 659; *Nguyen*, 244 A.3d at 101. For these reasons, we deny the City's application to quash the appeal and affirm the trial court's order.[13]

_____
**LORI A. DUMAS, Judge**

---

[13] Based upon our disposition of the issue of standing, we need not address Appellant's remaining arguments.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                                      :
       v.                  :   No. 1457 C.D. 2022
                                        :
James Leverett and Valerie Leverett   :
and Loretta Leverett            :
                                        :
Appeal of:  Loretta Leverett      :

## O R D E R

AND NOW, this 5th day of September, 2024, the application to quash this appeal, filed by the City of Philadelphia on October 13, 2023, is DENIED.  The order of the Philadelphia County Court of Common Pleas, entered on December 12, 2022, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**